### SAMUELS et al. v. BLOOM et al.

(Supreme Court, Appellate Term. November 29, 1907.)

SALES—PARTIES.

     Stockholders were not liable personally for the price of goods ordered by the corporation through one of the stockholders as president, the order being signed, "The B. & M., J. Bloom, Pres.," though the stockholders' names were printed on letter heads used in correspondence after the order was given.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Henry Samuels and others against Jacques Bloom and another. From a judgment for plaintiffs, defendants appeal. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Joseph Wilkenfeld, for appellants.
Joseph Beihilf, for respondents.

PER CURIAM. The plaintiffs brought this action, which is one for goods sold and delivered, against Jacques Bloom and Henry Meyer personally. Bloom only was served with process, and he alone appeared in the action. The correspondence between the parties clearly shows that the goods were ordered by "The B. & M.," a corporation organized under the laws of Illinois and doing business at Peoria, Ill., of which corporation Bloom was president, and said goods were delivered to such corporation, which sent the goods back as being of inferior quality, but plaintiffs refused to accept them. What subse-

quently became of the goods does not appear. The order for the goods was signed, "The B. & M., J. Bloom, Pres." It is conceded that the goods were ordered from a catalogue sent by plaintiff to "The B. & M.," and defendants claim the goods did not correspond in quality to those mentioned in the catalogue and which were ordered by "The B. & M.," through Bloom as president of said corporation. The court gave judgment against Bloom personally.

The evidence clearly shows that the goods were not ordered by Bloom personally, and there is nothing to indicate that plaintiffs were wrongfully misled into giving the credit to Bloom and Meyer personally, instead of to the corporation, beyond the fact that in the corner of some of the letter heads in small print appeared the names: "J. Bloom. H. Meyer." Defendant explains that these were old letter heads, and, in any view, the appearance of these names on the letter heads, used by defendant in correspondence with plaintiffs after the order had been given, did not overcome the fact that all of defendant's letters, as well as the order itself, were signed, "The B. & M., J. Bloom, Pres.," which was sufficient notice to plaintiffs that the order was given by the corporation, and not by Bloom personally. It seems to us that plaintiffs have sued the wrong party, and that the judgment must be reversed, and the complaint dismissed, with costs.

Judgment reversed, and complaint dismissed, with costs.